IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES THOMPSON                                                                      PLAINTIFF

v.                                          Civil No. 4:23-cv-4023

CAPTAIN GOLDEN ADAMS;
SERGEANT GOLDEN; and
SERGEANT HANNING                                                                    DEFENDANTS

## ORDER

Plaintiff, James Thompson, originally attempted to join in a 42 U.S.C. § 1983 action filed *pro se* by Ray Cornelieus Calvert on July 28, 2022. Because *pro se* litigants are unable to represent other parties, the Court severed Plaintiff's claim and opened the instant action on March 2, 2022.[1] (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

In the Court's March 2, 2023 Order, Plaintiff was directed to file a completed *in forma pauperis* (IFP) Application and an Amended Complaint in this case. (ECF No. 3). Plaintiff's IFP Application and Amended Complaint were due on April 2, 2023. *Id*. The Court's Order was not returned as undeliverable mail, and Plaintiff did not respond.

On April 17, 2023, the Court entered an Order to Show Cause as to why Plaintiff failed to file his IFP Application and Amended Complaint. (ECF No. 5). Plaintiff was given until May 8, 2023, to respond to the Order to Show Cause. *Id*. This Order was not returned as undeliverable mail, and Plaintiff has not responded to the Show Cause Order or filed his IFP Application and Amended Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

---

[1] *See Calvert v. Runion, et al.,* Civil No. 4:22-cv-4067, ECF No. 33.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge